**Opinion issued September 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-23-00706-CR

———————————————

**BRENT MICHAEL DERRICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 21-12-17940**

## MEMORANDUM OPINION

Appellant Brent Michael Derrick was convicted of possession with intent to deliver a controlled substance—namely, methamphetamine in an amount of one gram or more but less than four grams—and sentenced to six years' confinement.

*See* TEX. HEALTH & SAFETY CODE § 481.112(a), (c).  Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority.  *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that he mailed a copy of the motion to withdraw and the *Anders* brief to appellant, informed appellant of his right to file a response, and provided appellant with a copy of the appellate record.[1]  *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*, 436 S.W.3d 313, 320–21 (Tex. Crim. App. 2014).  Appellant did not file a pro se response to the *Anders* brief.

---

[1]     Additionally, when counsel filed the *Anders* brief, the Clerk of this Court notified appellant of his right to file a pro se response and to receive a copy of the appellate record.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a). Attorney Paul Morrison must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.

Do not publish. TEX. R. APP. P. 47.2(b).